## THE RIO VERDE.

District Court, S. D. New York.

Nov. 8, 1946.

Hill, Rivkins & Middleton, of New York City (Arthur O. Louis and Robert E. Hill, both of New York City, of counsel), for libelants.

Haight, Griffin, Deming & Gardner, of New York City (David L. Corbin and James M. Estabrook, both of New York City, of counsel) for respondents.

KENNEDY, District Judge.

Motion to amend a libel to conform to the proof.

This suit involves damage to cargo. The original libel was filed on July 14, 1944; the amended libel on November 10, 1944. The cargo claimed to be delivered in damaged condition (on November 26, 1943) consisted of cocoa beans and cabretta skins.

S. S. Rio Verde is a general ship. She was laden with cocoa beans at Para on September 19, 1943. She then made a southerly voyage to Ceara (Fortaleza) and took the skins on board, whereupon she returned (north) to Para. There is no suggestion either in the original libel or the amended libel that a claim of deviation forms any part of libelants' case.

At the trial the issue principally litigated was whether the proximate cause of the damage was improper loading and stowage, or whether on the other hand it was caused by a sea peril or improper management of the ship. At the end of the trial libelants moved to amend the pleadings to conform to the proof, which would enable them to argue that even if the spoilage was caused by peril of the sea or improper management, respondents' exemption from liability, whether statutory or contractual or both, was lost by the claimed deviation.

Respondents vigorously oppose any such amendment. They say: (1) That it would be unfair, because libelants knew the facts as early as July 1944, but nevertheless elected to omit any claim of deviation from the libel itself and to content themselves with stock allegations of delivery to the carrier in good condition and outturn in damaged condition. A further argument made by respondents is (2) that substantially the amendment would inject a new claim into the suit after the expiration of the statute of limitations, 46 U.S.C.A. § 1303(6).

Libelants, in reply, emphasize the traditional liberality of amendment permitted in the admiralty. They say they were entitled to put the carrier to its proof under the exceptions, and to meet that proof by a claim of deviation, even though the latter is not mentioned either in the original or the amended libel itself.

Both sides have cited numerous cases. But it seems to me that a problem of this character cannot be decided purely on the basis of precedent. Nor do I believe that the short statute created by the Carriage of Goods by Sea Act forbids an amendment of this type. If that is so, a shipper must be denied recovery unless at

the very threshold of the case he sets forth in his libel not only the facts upon which he relies to prove a prima facie case but also the ultimate facts of his case in rebuttal, on the supposition that the carrier may sustain its burden, and may prove that the damage arose from one or more of the causes for which it is not liable. This rule seems to me too stringent particularly against the traditional background of shipper and common carrier. I should think that the development of the rules concerning burden of proof on excepted causes, in such cases, has been strongly affected by the notion that the shipper and carrier are not on equal terms, at least so far as the means of knowledge are concerned. Surely the same standards ought to apply to questions of pleading.

And if I am right in all this, not very much weight can be given to the claim of surprise on the part of the respondents. Both sides appear to have known, prior to the filing of the libel, that instead of taking on cargo at the most southerly port and then proceeding north, Rio Verde was laden at Para, proceeded further south, then returned to Para and began her homeward voyage. There was no real "surprise."

■ I express no opinion, naturally, on the question whether this was a deviation, whether there was or need be a causal connection between the deviation and the loss, or whether to sustain a claim of deviation here it must be shown that the loss occurred during or prior to the period of deviation. But it seems unfair for me to foreclose argument by the shipper on the point merely because of the state of the pleadings. In the event of review of any decree I may make, the record should be as complete as possible. And it is also desirable in the interest of justice that the parties should be free to argue any questions that are fairly presented, not only before me, but also in the court of review. I am not attempting to formulate any general rule. I hold simply that I can see no manifest injustice under the circumstances of this particular case in granting the motion to amend the pleadings to conform to the proof.